IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY MILLER, | * | |
| | * | |
| PLAINTIFF | * | |
| | * | |
| vs. | * | |
| | * | CASE NO.1:06-CV-940-WKW |
| HOUSTON COUNTY BOARD OF | * | |
| EDUCATION, KENNETH LORD, | * | |
| RILEY JOE ANDREWS, TIM | * | |
| PITCHFORD, PAUL STRANGE, | * | |
| STACY EZELL, TROY | * | |
| UNIVERSITY, DOTHAN, SANDRA | * | |
| JONES, PAM PARRIS and | * | |
| GREG RUEDIGER, | * | |
| | * | |
| DEFENDANTS. | * | |

HOUSTON COUNTY BOARD OF EDUCATION, FORMER
SUPERINTENDENT LORD, SUPERINTENDENT PITCHFORD, RILEY JOE
ANDREWS, PAUL STRANGE, AND STACY EZELL
<u>ANSWER TO PLAINTIFF  S COMPLAINT</u>

The Defendants, Houston County Board of Education

HCBOE,   former Superintendent Lord, Superintendent

Pitchford, Riley Joe Andrews, Paul Strange, and Stacy Ezell

answer the Plaintiff  s Complaint and asserts various

affirmative defenses as follows:

<u>     </u>1.   The Defendants admit the jurisdictional claims in

Paragraph 1 of the Complaint.

2.   The Defendants are without sufficient information

to form a belief as to the truth of Paragraph 2 of the

Complaint.

3.    The Defendants are without sufficient information to form a belief as to the truth of Paragraph 3 of the Complaint.

4.    Admit.

5.    Admit.

6.    Admit.

7.    Admit.

8.    The Defendants are without sufficient information to form a belief as to the truth of Paragraph 8 of the Complaint.

9.    The Defendants are without sufficient information to form a belief as to the truth of Paragraph 9 of the Complaint.

10.    The Defendants are without sufficient information to form a belief as to the truth of Paragraph 10 of the Complaint.

11.    The Defendants are without sufficient information to form a belief as to the truth of Paragraph 11 of the Complaint.

12.    The Defendants are without sufficient information to form a belief as to the truth of Paragraph 12 of the Complaint.

13.  The Defendants are without sufficient information to form a belief as to the truth of Paragraph 13 of the Complaint.

14.  The Defendants admit that Ms. Miller was a student intern at Troy State University, but they deny she was working as a school teacher under contract with the HCBOE.

15. The Defendants admit that the Plaintiff began working as an intern at the Houston County High School in Columbia, Alabama on July 28, 2004, in the field of special education.  The Defendants deny that the Plaintiff was a teacher because she did not fulfill the requirements for becoming certified as a teacher under the laws of the State of Alabama, because she did not complete the student internship at Troy State University.

16.  The Defendants are without sufficient information to form a belief as to the truth of Paragraph 16 of the Complaint.

17.  The Defendants are without sufficient knowledge to form a belief as to the truth of the Plaintiff  s claimed reportings in Paragraph 17.  The Defendants deny all other factual allegations contained in Paragraph 17.

18.  The Defendants are without sufficient knowledge to form a belief as to the first sentence of Paragraph 18 in the Complaint.  The Defendants admit that the Plaintiff reported information to Tim Pitchford and Riley Joe Andrews, but are without sufficient knowledge to form a belief on the reporting to the other named individuals.

19.  The Defendants admit that Mr. Andrews sent a letter to Ms. Parris expressing concerns about the Plaintiff.  The Defendants deny the other allegations contained in Paragraph 19 of the Complaint.

20.  The Defendants are without sufficient information to form a belief as to the truth of Paragraph 20 of the Complaint.

21.  The Defendants deny the allegations in Paragraph 21 of the Complaint.

22.  The Defendants admit that Mr. Lord presented the Plaintiff with a hand-delivered letter dated October 19th informing the Plaintiff that her contract was terminated because of the withdrawal of her internship and that she was escorted off campus when she refused to leave.  The Defendants deny any other claims or allegations in Paragraph 22 of the Complaint.

23.  The Defendants deny all allegations in Paragraph 23 of the Complaint.

24.  Defendants admit that the Plaintiff is a citizen of the United States but deny that any of the events concerning this matter violated the First or Fourteenth Amendments to the Constitution of the United States.

25.  The Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.  The Defendants deny all allegations in Paragraph 26 of the Complaint.

27.  The Defendants deny all allegations contained within Paragraph 27 of the Complaint.

### 1st Defense

Defendants plead the general issue, deny that they are guilty of the things and matters alleged, and demands strict proof of all allegations and inferences contained in the Complaint.

### 2nd Defense

Defendants deny that they are indebted in any way to the Plaintiff and demand strict proof.

<u>3rd Defense</u>

Defendant moves to dismiss the Complaint because the Plaintiff has failed to state a claim for which relief can be granted.

a.   The Plaintiff cannot recover under the Fourteenth Amendment because she was not deprived of liberty or property without procedural due process.   State law determines whether a public employee has a property interest in his or her job.   *Warren v. Crawford*, 927 F.2d 559, 562 (11th Cir. 1991).   Under Alabama law...[,] a nontenured teacher has no right statutory or otherwise, to be re-employed.   *Foster v. Blount County Bd. of Educ.,* 340 So.2d 751, 752 (Ala. 1976).

b.   The Plaintiff cannot recover under the First Amendment.   When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the constitution does not insulate their communications from employer discipline.   *Gilder-Lucas v. Elmore County Bd. of Educ.,* No. 05-16561, 2006 WL 1736833 (11th Cir., June 26, 2006)(Slip copy). Any statements made by the Plaintiff regarding the special education programs at Houston County

High School to administrators and other teachers were
pursuant to her official duties as a teaching intern.

c.  The Plaintiff did not complete the requirements to
become a legally certified teacher in the State of Alabama,
therefore the contract between the HCBOE and the Plaintiff
could not have been fulfilled.

d.  The HCBOE can demonstrate by a preponderance of
the evidence that it would have reached the same employment
decisions regarding the Plaintiff in the absence of any
speech the Plaintiff claims is protected.

### 4th Defense

The Defendants plead the applicable Statutes of
Limitations.

### 5th Defense

Plaintiff could not complete her contract with the
HCBOE because her internship was withdrawn by Troy State.
As a result, her contract became impossible for either party
to perform.

### 6th Defense

The contract between the Plaintiff and the HCBOE is
illegal and unenforceable because Miller is not a certified
teacher approved by the State Department of Education.

7th Defense

The Plaintiff is not entitled to a jury trial on the issues of reinstatement, back pay, and other benefits of the contract because these are equitable remedies sought by a § 1983 action. *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1187 (11th Cir. 1985). Defendants move the Court to strike the Plaintiff s jury demand in whole or part.

8th Defense

The Defendants reserve the right to amend this pleading, and to add other defenses, should the appropriateness become apparent during discovery.

HARDWICK, HAUSE, SEGREST & WALDING

BY:     /s/ Jere C. Segrest
        Jere C. Segrest (SEG005)
        ASB-1759-S-80J
        Attorney for Defendants
        Post Office Box 1469
        Dothan, Alabama 36302
        Phone:  (334)794-4144
        Fax:    (334)671-9330


BY:     /s/ Kevin Walding
        Kevin Walding (WAL036)
        ASB-8121-I-69J
        Attorney for Defendants
        Post Office Box 1469
        Dothan, Alabama 36302
        Phone:   (334) 794-4144
        Fax:     (334) 671-9330

CERTIFICATE OF SERVICE

    I hereby certify that, this date, I have served a copy of this document on the following individual(s)or attorney(s) of record by placing a copy in the United States Mail in a properly addressed envelope with adequate postage.

Winn Faulk, Esquire
FAULK & REED
524 S. Union Street
Montgomery, Alabama 36104-4626

Thomas K. Brantley, Esquire
BRANTLEY & AMASON
401 N. Foster Street
Dothan, Alabama 36303

    This the 7th day of November, 2006.


    /s/ Jere C. Segrest
    Of Counsel