IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | |
| TROY UNIVERSITY, DOTHAN, et al., | ) | 1:06-cv-940-WHN |
| | ) | |
| Defendants. | ) | |

### ANSWER BY DEFENDANT GREG DR. RUEDIGER

Defendant Dr. Greg Dr. Ruediger (hereinafter "Defendant" or "Dr. Dr. Ruediger") answers the Complaint as follows:

### ALLEGED JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint is answered as follows:

    (a) Admitted that Plaintiff attempts to bring claims based on alleged constitutional and statutory rights.

    (b) Defendant denies that she violated any constitutional or statutory law.

    (c) Defendant denies that Plaintiff is due any relief sought.

    (d) Except to the extent answered above, the allegations of Paragraph 1 are denied.

2. Paragraph 2 of the Complaint is answered as follows:

    (a) Defendant does not contest venue with regard to claims brought pursuant to the United States Constitution and federal statutory law.

    (b) Defendant denies that Plaintiff states any claim for a "tort sued upon."

   (c) Except to the extent answered above, the allegations of Paragraph 2 are denied.

## STATEMENT OF THE PARTIES

 3. Paragraph 3 of the Complaint is answered as follows:

   (a) Admitted that Plaintiff is an adult.

   (b) Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff is a resident citizen of Houston County, Alabama.

   (c) Except to the extent answered above, the allegations of Paragraph 3 are denied.

 4. Because Paragraph 4 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

 5. Because Paragraph 5 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

 6. Because Paragraph 6 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

 7. Because Paragraph 7 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

 8. Because Paragraph 8 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

 9. Because Paragraph 9 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

 10. Because Paragraph 10 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

11. Because Paragraph 11 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

12. Because Paragraph 12 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

13. Paragraph 13 of the Complaint is answered as follows:

    (a) Dr. Ruediger is an adult citizen residing in Dothan, Alabama.

    (b) Dr. Ruediger served as an internship supervisor to the Plaintiff in Fall 2004.

    (c) Except to the extent answered above, the allegations of Paragraph 13 are denied.

## ALLEGED STATEMENT OF FACTS

14. Paragraph 14 of the Complaint is answered as follows:

    (a) Plaintiff enrolled in the following courses at Troy University, Dothan Campus: SPE 4454 Internship Seminar and SPE 4465 Collaborative Teacher (6-12) Internship.

    (b) Defendant is without sufficient knowledge or information to form a belief as to whether, Plaintiff was working as a school teacher under contract with Defendant Houston County Board of Education at the time of the events Plaintiff alleges constitute this action.

    (c) Except to the extent answered above, the allegations of Paragraph 14 are denied.

15. Paragraph 15 of the Complaint is answered as follows:

    (a) Because Paragraph 15 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

   (b) Except to the extent answered above, the allegations of Paragraph 15 are denied.

  16. Paragraph 16 of the Complaint is answered as follows:

   (a) Because Paragraph 16 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

   (b) Except to the extent answered above, the allegations of Paragraph 16 are denied.

  17. Paragraph 17 of the Complaint is answered as follows:

   (a) Because Paragraph 17 is not addressed to Dr. Ruediger, no response from Dr. Ruediger is required.

   (b) Except to the extent answered above, the allegations of Paragraph 17 are denied.

  18. Paragraph 18 of the Complaint is answered as follows:

   (a) That part of Paragraph 18 referring to alleged Houston County Board of Education employees Paul Strange, Tim Pitchford, Riley Joe Andrews, Ms. Parris, and Dr. Jones is not addressed to Dr. Ruediger; therefore, no response to those allegations are required from Dr. Ruediger.

   (b) Plaintiff's reference to "substantially similar reports" is vague.

   (c) Except to the extent answered above, the allegations of Paragraph 18 are denied.

  19. Paragraph 19 of the Complaint is answered as follows:

(a) Defendant is without sufficient knowledge or information to form a belief as to what document(s) plaintiff is actually referencing when she speaks of an undated letter ("the Andrews report") and the "Strange-Ezell report."

(b) Except to the extent answered above, the allegations of Paragraph 19 are denied.

20. Paragraph 20 of the Complaint is answered as follows:

(a) Dr. Ruediger served as an internship supervisor to the Plaintiff in Fall 2004.

(b) Except to the extent answered above, the allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. Paragraph 22 of the Complaint is answered as follows:

(a) Defendant is without sufficient knowledge or information to form a belief as to when Plaintiff first had notice that her internship in the Fall of 2004 would be terminated.

(b) Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff sent a letter to Mr. Kenneth Lord dated October 18, 2004, which stated that Plaintiff's "internship was terminated effective October 14, 2004."

(c) Defendant is without sufficient knowledge or information to form a belief as to what Mr. Lord's knowledge was on October 20, 2004, or as to what his "staff's reaction" was "to such reports."

(d) Defendant is without sufficient knowledge or information to form a belief as to the reason(s) for termination of Plaintiff's teaching contract or whether she was "escorted off campus."

(e) Except to the extent answered above, the allegations of Paragraph 22 are denied.

## COUNT I -- ALLEGED VIOLATION OF FIRST AMENDMENT RIGHT TO FREE SPEECH

23. Paragraph 23 of the Complaint is answered as follows:

(a) For answer to Paragraph 23 of the Complaint, Defendant repeats and incorporates his responses to Paragraphs 1-22.

(b) Dr. Ruediger denies that he engaged in any unlawful acts or omissions.

(c) Except to the extent answered above, the allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

## DEMAND FOR JUDGMENT

28. Plaintiff's unnumbered paragraph following Paragraph 27 and entitled "Demand for Judgment" is answered as follows:

(a) Because subpart A. of Plaintiff's Demand for Judgment is directed to the Houston County Board of Education, no response from Dr. Ruediger is required.

(b) Plaintiff is not due any of the relief sought in her Demand for Judgment or to any other legal or equitable relief.

(c)   Except to the extent answered above, the allegations contained in the Demand for Judgment are denied.

**B.   <u>DEFENSES AND ADDITIONAL ANSWER TO THE COMPLAINT</u>:**

29.   Except to the extent answered above, the allegations of the Complaint are denied.

30.   Plaintiff fails to state a claim upon which relief may be granted.

31.   Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

32.   Defendant is entitled to qualified immunity from suit.

33.   Defendant has not waived and does not waive any immunity he is due.

34.   Because Troy University is an arm of the State of Alabama and entitled to the protections of the Eleventh Amendment to the United States Constitution, this Defendant does not have the capacity to be sued in his official capacity.

35.   The conditions precedent to suit have not been satisfied in that Plaintiff has not exhausted her contractual and administrative remedies.

36.   To the extent any claim falls outside of any applicable statute of limitation, it is precluded.

37.   Plaintiff is precluded from recovering any damages or other relief not provided for by statutory or case law.

38.   Plaintiff's failure to mitigate damages precludes and/or limits any alleged damages.

39.   Some or all of the claims in the Complaint may be barred by the doctrine of waiver and/or estoppel.

40. Some or all of the claims in the Complaint are due to be dismissed because they are moot.

41. Some or all of the claims in the Complaint are due to be dismissed based on the doctrine of ripeness.

42. Plaintiff does not have standing to bring some or all of the claims alleged in the Complaint because she has not suffered any constitutionally recognized injury in fact that is fairly traceable to Defendant's conduct and is likely to be redressed by a judicial action.

43. Plaintiff does not have standing to bring some or all of the claims alleged in the Complaint because she has not alleged nor can she prove a real or immediate threat that she will be wronged again.

44. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies.

45. Some or all of the claims in the Complaint are due to be dismissed based on the doctrine of unclean hands.

46. Some or all of the claims in the Complaint are due to be dismissed based on the doctrine of laches and the applicable statute of limitations.

47. The alleged speech did not take place in a public forum.

48. Imposition of federal standards on the content of the work assigned and review thereof by Defendant in exercising the educational mission of Troy University would violate the rights of Defendant as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

49. The rights in the United States Constitution do not extend to a university student choosing her own curriculum or classroom management in contravention of school policy or dictates.

50. The United States Constitution does not prohibit Defendant from placing reasonable restrictions on the learning experience so as to comply with Troy University's educational mission.

51. Defendant is entitled to reasonably regulate speech and campus activities in furtherance of the school's educational mission.

52. Defendant's actions were narrowly tailored to serve a compelling state interest.

53. Troy University's educational mission justified any reasonable restrictions placed on the Plaintiff.

54. Defendant's actions were neither unreasonable nor arbitrary and capricious.

55. Any limitations on Plaintiff's speech were appropriate and reasonable time, place, and manner restrictions.

56. Even if Plaintiff proved that Defendant was motivated by any unconstitutional reason with respect to any legally actionable decision, Defendant will prove that he would have reached the same decision in the absence of any impermissible motivation.

57. Plaintiff has not pled a property interest protected by the Due Process Clause.

58. No action of Defendant is the proximate cause of any injury or damages alleged by Plaintiff.

59. Defendant reserves the right to assert any and all defenses that may be applicable.

Respectfully submitted,

s/ Joseph V. Musso
Bar No: ASB-4825-O40J
James C. Pennington
Peyton Lacy, Jr.
Joseph V. Musso
Attorneys for Defendant
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile : (205) 328-6000
Email: joseph.musso@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EDF system which will send notification of such filing to the following:

Thomas Kirven Brantley
Brantley & Amason
E-mail: brantleymcle@graceba.net

Winn Faulk
Faulk & Reed
E-mail: winnfaulk@bellsouth.net

James K. Walding
Hardwick, Hause & Segrest
E-mail: kwalding@graceba.net

Jere C. Segrest
Hardwick Hause & Segrest
E-mail: jerecs@aol.com

s/ Joseph V. Musso
OF COUNSEL