IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NANCY MILLER,** | ) |
| | ) |
|     **PLAINTIFF,** | ) |
| | ) |
| v. | )   Case No. 1:06-CV-940-MEF-TFM |
| | ) |
| **HOUSTON COUNTY BOARD** | ) |
| **OF EDUCATION, et al.** | ) |
| | ) |
|     **DEFENDANTS.** | ) |

**JOINT MOTION FOR PROTECTIVE ORDER
REGARDING THE IDENTITIES OF MINOR STUDENTS**

COME NOW the parties jointly, and respectfully move for entry of the attached proposed Protective Order. In further support of this Motion, the parties state as follows:

1. The parties agree that a protective order should be in place since the plaintiff's allegations concern her free speech rights as a special education teaching intern at Houston County High School. During the course of the litigation, the parties expect that the names and other identifying information of students or former students at Houston County High School will need to be disclosed.

2. Further, a Protective Order will need to be entered in order for the Houston County Board of Education or any employee or former employee to disclose any information or records on any minor student, pursuant to the Family Education Rights and Privacy Act (Buckley Amendment), 20 U.S.C. § 1232(g).

3. Additionally, in light of the special education designation of some of the minor

students or former students of Houston County High School, a Protective Order will need to be entered in order for the Houston County Board of Education or any employee or former employee to disclose any information or records on those students or former students, pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400 et seq., and other federal and state regulations.

4. Attached to this motion is the agreed upon proposed protective order.

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request entry of the attached agreed upon proposed protective order.

        Respectfully submitted,
        *s/ Katherine C. Hortberg*
        Mark S. Boardman (ASB-8572-B65M)
        mboardman@boardmancarr.com
        Katherine C. Hortberg (ASB-5374-B34K)
        khortberg@boardmancarr.com
        Counsel for Stacey Ezell and Paul Strange
        BOARDMAN, CARR & HUTCHESON, P.C.
        400 Boardman Drive
        Chelsea, Alabama 35043-8211
        Phone: (205)678-8000
        Facsimile: (205)678-0000

        *s/ Thomas Kirvan Brantley*
        Thomas Kirven Brantley Esq.
        tombrantley@graceba.net
        Counsel for plaintiff
        BRANTLEY & AMASON
        401 North Foster Street
        Dothan, Alabama 36303
        Phone: (334)793-9009
        Facsimile:(334)793-2037

*s/ Winn Faulk*
Winn Faulk, Esq.
winnfaulk@bellsouth.net
Counsel for plaintiff
Faulk & Reed
524 South Union Street
Montgomery, Alabama 36104
Phone: (334)834-2000
Facsimile: (334) 834-2088

*s/ Joseph Vincent Musso*
Joseph Vincent Musso, Esq.
joseph.musso@odnss.com
James C. Pennington, Esq.
james.pennington@odnss.com
Counsel for Troy University defendants
Ogletree, Deakins, Nash, Smoak & Stewart, PC
1819 5th Avenue North
One Federal Place, Suite 1000
Birmingham, Alabama 35203
Phone: (205)328-1900
Facsimile: (205)328-6000

*s/ Kevin Walding*
Jere C. Segrest, Esq.
jerecs@aol.com
Kevin Walding, Esq.
kwalding2003@yahoo.com
Patrick Moody, Esq.
patrickmoodylaw@hotmail.com
Counsel for Houston County Board of Education defendants
Hardwick, Hause, Segrest & Walding
Post Office Box 1469
Dothan, Alabama 36302-1469
Phone: (334)794-4144
Facsimile: (334)671-9330

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MILLER, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| v. | )   Case No. 1:06-CV-940-MEF-TFM |
| | ) |
| HOUSTON COUNTY BOARD | ) |
| OF EDUCATION, et al. | ) |
| | ) |
|    DEFENDANTS. | ) |

## PROTECTIVE ORDER

By consent of the parties, the Court hereby Orders:

1. Based upon the allegations in the Complaint, the parties may need to disclose the identities or produce information or records on non-party minor students or former students of Houston County High School or the Houston County school system.

2. All records produced by any party or by any third party and all deposition transcripts that contain information about any minor student shall be marked "Confidential Information" and shall be treated as such by all persons, including, but not limited to, all parties and counsel in this action to whom such information is disclosed pursuant to the terms of this Order.

3. The parties understand that this Protective Order protects Defendant Houston County Board of Education and/or any employee or former employee from claims concerning the identification of or production of information or records on minor students or former students under the Family Education Rights and Privacy Act (Buckley Amendment), 20

U.S.C. § 1232(g), the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq, and other federal and state regulations.

4.   Any pleading that quotes from deposition testimony or documents produced in discovery, or any filing or exhibit submitted to the Court, that contains or mentions in any fashion the name or identifying information of any minor student or former student of Houston County High School or the Houston County school system shall be modified as follows, so that:

(a)   the student or former student's name is replaced with his or her initials[1], and

(b)   the student or former student's identifying information is replaced with the last four digits of the identifying number, and

(c)   the student or former student's date of birth is replaced with the year, and

(d)   the student or former student's address contains only the city and state.

The parties shall follow this District's Administrative Procedures for Case Management and Electronic Case Files System-Civil- Rule II (I) Privacy (a copy of the applicable portion of which is attached hereto).

5.   The provisions of this Order shall not affect the admissibility of evidence at

---

[1]Should use of first and last initials cause confusion with another student or former student's name, counsel shall consult with one another and devise a key for differentiating between the two students or former students.

trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown. The provisions of this Order directing the production of records and the disclosure of information about students or former students in response to discovery relate only to the confidentiality rights and privacy rights of non-party minors and students. This Order shall not be construed as overruling any objections to production or use of such records raised by the parties on other grounds.

    Done and ordered this ___ day of_____, 2007.

_____
Terry F. Moorer
United States Magistrate Judge

cc:    Tom Brantley, Esq.
       Winn Faulk, Esq.
       Jere Segrest, Esq.
       Kevin Walding, Esq.
       Patrick Moody, Esq.
       Mark S. Boardman, Esq.
       Katherine C. Hortberg, Esq.
       Joseph Musso, Esq.
       James C. Pennington, Esq.