**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NANCY MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:06-CV-940-WKW** |
| **TROY UNIVERSITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUMMARY JUDGMENT REPLY BRIEF ON BEHALF
OF TROY UNIVERSITY, DR. SANDRA JONES,
DR. GREG RUEDIGER, AND PAM PARRIS**

The Motion for Summary Judgment filed by Troy University at Dothan ("Troy-Dothan"), Dr. Sandra Jones ("Dr. Jones"), Dr. Greg Ruediger ("Dr. Ruediger"), and Pam Parris ("Parris") is due to be granted and all claims against those defendants ("the Troy Defendants") dismissed with prejudice.

Although Plaintiff Nancy Miller ("Miller") filed a brief in opposition to the Troy Defendants' Motion for Summary Judgment, nothing in that opposition brief raises a genuine issue of material fact. In fact, in her opposition brief Miller tacitly abandons her claims against Troy-Dothan by failing to address the arguments raised by Troy-Dothan regarding the

dispositive issues of sovereign immunity, mootness, and standing. Furthermore, the arguments Miller does attempt in her opposition brief are insufficient to overcome the undisputed facts and case law cited by the Troy Defendants in their initial brief supporting summary judgment.

**A.    PLAINTIFF IGNORES TROY-DOTHAN'S SOVEREIGN IMMUNITY ARGUMENT, MOOTNESS ARGUMENT, AND STANDING ARGUMENT AND, THEREFORE, ABANDONS HER LAWSUIT AGAINST TROY-DOTHAN**

Noticeably missing from Miller's brief in opposition to Troy-Dothan's Motion for Summary Judgment is any argument whatsoever challenging Troy-Dothan's clear showing that --

- Miller is barred by principles of Eleventh Amendment immunity from recovering any money damages against state actor Troy-Dothan based on alleged violations of the United States Constitution;

- Miller has graduated from Troy-Dothan and, therefore, the doctrine of mootness bars her from receiving injunctive or declaratory relief with regard to her federal claims;

- Miller cannot establish all required elements for constitutional standing because no injunction against Troy-Dothan can redress any alleged injury she suffered (she graduated from Troy-Dothan at the end of the 2005 spring semester and is no longer a student on campus); and

- Miller is barred from any relief, injunctive or otherwise, with regard to her 42 U.S.C. § 1983 claims against Troy-Dothan because Troy-Dothan is not a "person" acting under color of state law.

Plaintiff's failure to address Troy-Dothan's legal arguments involving Eleventh Amendment immunity, mootness, and standing is tantamount to an abandonment of her lawsuit against Troy-Dothan. "[C]ourts commonly grant summary judgment as to claims which the plaintiff failed to address in response to a summary judgment motion." <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1322 (11th Cir. 2001). "In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him." <u>Resolution Trust Corp.</u>, 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom, <u>Jones v. Resolution Trust Corp.</u>, 516 U.S. 817 (1995) (internal quotes omitted). "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

It comes as no surprise that Plaintiff does not challenge Troy-Dothan's legal arguments based on Eleventh Amendment immunity, mootness, and standing. The facts are undisputed and the law well-settled. First, Troy-Dothan is an instrumentality of the State of Alabama and has not waived its sovereign immunity. Second, Miller's graduation from Troy-

Dothan at the end of the 2005 spring semester renders her claims moot and establishes that she does not have standing to sue Troy-Dothan.

**B.**      **ALL DEFENDANTS ARE SEPARATELY DUE SUMMARY JUDGMENT ON THE MERITS**

In her brief in opposition to all motions for summary judgment filed against her, Miller hangs her hat on <u>Garcetti v. Caballos</u>, 126 S. Ct. 1951 (2006) to support her claim that her speech as an "employee" is entitled to First Amendment protection. (See Plaintiff's Opposition Brief at pp. 11-12). However, Miller admits in her opposition brief that, "[a]s to [Troy-Dothan] . . . she contends that she was a student and should be treated as such for purposes of First Amendment analysis." (<u>Id</u>. at p. 13). Therefore, the legal standard involving employee speech as set forth in <u>Garcetti v. Caballos</u>, 126 S. Ct. 1951 (2006), is <u>not</u> applicable to the Troy Defendants.

Rather, as pointed out in the Troy Defendants' initial brief supporting summary judgment, the legal framework set forth in <u>Hazelwood School Dist. v. Kuhlmeier</u>, 484 U.S. 260 (1988), applies. Under a <u>Hazelwood</u> analysis, Troy-Dothan and its personnel may impose reasonable restrictions on the speech of students, teachers, and other members of the school community. <u>See</u> <u>Bishop v. Aronov</u>, 926 F.2d 1066, 1071 (11th Cir. 1991) ("[S]chool officials may impose *reasonable restrictions* on the speech of students, teachers, and other members of the school community.") The

record is undisputed that Dr. Sandra Jones, the Dean of the College of Education, made the decision to terminate Miller's Fall 2004 student internship. Moreover, her reasons for doing so are soundly grounded in Miller's best interests. It had become obvious to Dr. Jones that Miller was not achieving the pedagogical goals of her student internship at Houston County High School. When Miller herself was asked what was the purpose of a student internship at Troy-Dothan, she replied:

> "My understanding, it's the culmination of all your learning. It's an exciting and fun, yet stressful period in which you are able to experiment with, you know, things that you've learned, get help and advice and just try to learn as much as you can about your profession."

(Tab B to the Troy Defendants' Evidentiary Submission in Support of Summary Judgment at pp. 75-76).

When asked if she got all of that at her Beverlye Middle School internship, Miller said "[a]bsolutely." (Id. at p. 76). She stated that her internship at Houston County High School was neither exciting nor fun; rather, "[i]t was torture." (Id. at p. 76). Finally, and most revealing, Miller said at Houston County High School she "learned what not to do," while at Beverlye Middle School she learned what to do. (Id.). As pointed out in the Troy Defendants' initial brief in support of summary judgment, if Dr. Jones had not made the decision to terminate Miller's internship, Miller never

would have received the educational benefits she received at Beverlye Middle School.

## C.  THE INDIVIDUAL TROY-DOTHAN DEFENDANTS ARE ALSO DUE TO BE DISMISSED BECAUSE OF QUALIFIED IMMUNITY

Dr. Sandra Jones, Dr. Greg Ruediger, and Pam Parris are also due to be dismissed based on qualified immunity. The facts, as established in their initial brief supporting summary judgment, show that neither Dr. Jones, Dr. Ruediger, nor Parris could have reasonably concluded that their dealings with Miller in any way violated Miller's constitutional rights.

The only case Miller cites to challenge the individual Troy Defendants' qualified immunity argument is Watts v. Florida International University, 495 F.3d 1289 (11th Cir. 2007), an appeal involving a dismissal under Fed.R.Civ.P. 12(b)(6). Miller cites Watts for the proposition that "if, as the Watts Court held, interns should be treated as employees for First Amendment purposes, the law of this circuit and of the United States is clearly established with regard to the rights of public employees asserting their right to freedom of speech, and there is no reason to grant qualified immunity in the present case." (Plaintiff's Opposition Brief at p. 14).

However, Watts is actually a case that *supports* the Troy Defendants' Motion for Summary Judgment because it clearly sets out that as of August

17, 2007, when Watts was decided, there still was no court decision addressing the free exercise rights of graduate students in a practicum. In this case, Miller's internship was terminated in October 2004, almost three years *before* Watts was even decided.

In Watts, the Eleventh Circuit "affirm[ed] the district court's ruling that qualified immunity applies to the state defendants whom Watts has sued in their individual capacities" because of the "unusual" facts in the case and because there were no prior case decisions in 1997 (when the plaintiff in Watts was a graduate student) "addressing the free exercise rights of graduate students in a practicum." 495 F.3d at 1300. The Eleventh Circuit held that "[b]ecause the individual defendants were not on notice that they were violating [plaintiff's] clearly established constitutional rights, the district court correctly granted summary judgment in their individual capacities." (Id.). Therefore, in this case, the individual Troy Defendants cannot be on notice in the fall of 2004 of a court case that was not even decided and reported until three years later.

Moreover, the "unusual" facts in Watts are different than the facts in this case. First, in Watts, the issue involved a graduate student in a Master of Social Work program, while in this case Miller was an undergraduate education major. Second, after the graduate student in Watts was terminated

7

from his job at a psychiatric hospital, he was then ineligible to complete his graduate coursework and could not earn his Master's degree. In this case, Miller's internship was terminated, but Miller was allowed to complete an educationally beneficial internship at Beverlye Middle School the very next semester and graduate *magna cum laude* in May 2005. The actions of the individual Troy Defendants, therefore, resulted in an entirely different scenario than the one that played out in the <u>Watts</u> case. Again, because the individual Troy Defendants could not have concluded that their dealings with Miller in any way violated Miller's constitutional rights, they are due to receive qualified immunity.

## D.    **PLAINTIFF'S "CONCURRENT OR JOINT TORTFEASOR" ARGUMENT IS INAPPLICABLE**

The first sentence of Miller's opposition brief states that "[t]he Plaintiff's view of this case is that the Defendants acted in such a manner that they should be treated as concurrent or joint tortfeasors." (Plaintiff's Opposition Brief at p. 1). Miller then cites two Alabama state law cases — <u>Williams v. Woodman</u>, 424 So. 2d 611 (Ala. 1982), and <u>Phillips v. Smalley Maintenance Services</u>, 435 So. 2d 705, 712 (Ala. 1983). However, nowhere in her Complaint does Miller bring any Alabama state law claim against any of the Troy Defendants, much less an Alabama state law claim arising in tort law. (<u>See</u> <u>Complaint</u>, *passim*). Rather, she brings only a federal claim, i.e., a

First Amendment free speech claim. Therefore, Alabama state law does <u>not</u> apply.

What Miller alleges in her opposition brief under her "concurrent or joint tortfeasor" theory is that "the actual conduct of the two groups combined, concurred or coalesced to produce overall injury to the Plaintiff." (Plaintiff's Opposition Brief at p. 2). That allegation is more akin to a 42 U.S.C. § 1985(3) conspiracy claim. However, Miller never pleads a 42 U.S.C. § 1985(3) conspiracy claim in her Complaint, and the February 19, 2007, deadline to move to amend the Complaint has long since passed. (See <u>Uniform Scheduling Order</u>, Doc. 21, p. 2).

### E.    <u>CONCLUSION</u>

For the foregoing reasons and for the reasons stated by the Troy Defendants in their Initial Brief Supporting Summary Judgment, the Motion for Summary Judgment filed by Defendant Troy University in Dothan, Dr. Sandra Jones, Dr. Greg Ruediger, and Pam Parris is due to be granted and all of Plaintiff Nancy Miller's claims dismissed with prejudice, costs taxed to plaintiff.

Respectfully submitted,

s/ Joseph V. Musso
Bar No:  ASB-4825-O40J

Peyton Lacy, Jr.
James C. Pennington
***Attorneys for Defendants Troy University, et al***
Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama  35203-2118
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
Email:joseph.musso@ogletreedeakins.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/EDF system which will send notification of such filing to the following:

Thomas Kirven Brantley
Brantley & Amason
E-mail:  brantleymcle@graceba.net

Winn Faulk
Faulk & Reed
E-mail:  winnfaulk@bellsouth.net

James K. Walding
Hardwick, Hause & Segrest
E-mail:  kwalding@graceba.net

Jere C. Segrest
Hardwick Hause & Segrest
E-mail:  jerecs@aol.com

Katherine C. Hortberg
Boardman, Carr & Hutcheson
E-mails:  khortberg@boardmancarr.com
            mail@bcwhlaw.com


s/ Joseph V. Musso
OF COUNSEL