IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
NANCY MILLER,                    *
                                 *
     PLAINTIFF                   *
                                 *
vs.                              *
                                 *   CASE NO.1:06-CV-940-WKW
HOUSTON COUNTY BOARD OF          *
EDUCATION, KENNETH LORD,         *
RILEY JOE ANDREWS, TIM           *
PITCHFORD, PAUL STRANGE,         *
STACY EZELL, TROY                *
UNIVERSITY, DOTHAN, SANDRA       *
JONES, PAM PARRIS and            *
GREG RUEDIGER,                   *
                                 *
     DEFENDANTS.                 *
```

## DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

THE DEFENDANTS, the Houston County Board of Education, et al., (hereinafter "Board Defendants"), reply to the Plaintiff's Brief in Opposition to Motions for Summary Judgment (Doc. 71) as follows:

1. Miller's Response does not comply with Section 2 of this Court's Uniform Scheduling Order (Doc. 21). In relevant part, this section reads:

> In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. **Failure to make such specific reference will result in the evidence not**

**being considered by the Court.**

(Emphasis supplied).

Miller's response is filled with conclusory statements without any citation to evidence. Miller asks the Court to make huge factual and logical leaps to support her positions without providing evidence to support her conclusions. Much of Miller's response seems to focus on alleged connections and conspiracies between the Defendants without any evidence to support these accusations. The Court should not consider any of Miller's unsupported facts and conclusions.

2. Miller uses conclusory statements and an "interesting" interpretation of deposition testimony, arguably, to mislead the Court on at least one important issue. Page 5 of Miller's Response discusses Pitchford's alleged anger at Miller and Ruediger because Miller allegedly spoke about problems within Houston County High School's special education department. Miller relies on portions of Pam Parris's deposition to support this allegation. In reality, the portion of Parris's deposition relied upon and cited by Miller discusses Parris's belief that Pitchford was upset with Dr. Ruediger's lack of support for Mr. Strange and does not mention in any way Miller's

alleged disclosures concerning the special education program. The portion of Parris's deposition Miller cites reads in full:

> Q. [By Mr. Faulk] Do you recall, Ms. Parris, an occasion on which Mr. Pitchford complained to you about Dr. Ruediger's involvement in this internship?
>
> A. [By Ms. Parris] I recall an incident where he expressed concern.
>
> Q. And what was the concern that he expressed?
>
> A. He expressed concern with the cooperating teacher providing the support that Mrs. Miller might need.
>
> Q. Dr. Ruediger had expressed concern about the cooperating teacher?
>
> A. Dr. Ruediger expressed the concern about that. And as a result of that - - I do not want to put words in Mr. Pitchford's mouth. The feeling I got was maybe that Dr. Ruediger was giving a negative air in the school setting.
>
> Q. And are you getting that impression from Dr. Ruediger, or are you getting that impression from Mr. Pitchford?
>
> A. Mr. Pitchford. But I'm not putting the words in his mouth. **I'm just saying that was the feeling I got from him, was that he felt like Dr. Ruediger was maybe not supportive of what they were doing in the school.**
>
> **Q. And when you mentioned the cooperating teacher a minute ago, did you misspeak? Were you talking about Dr. Ruediger or Mr. Strange?**
>
> **A. I was talking about Mr. Strange.**

> Q.  Okay.  Don't let me put words in your mouth.  Okay?  I want to be sure I'm understanding you.  <u>Are you saying that you got the impression that Mr. Pitchford felt that Dr. Ruediger was somehow not being supportive of Mr. Strange?</u>
>
> A.  Not being - - <u>yes</u>.
>
> Q.  And don't just give up and agree with me.
>
> A.  No.
>
> Q.  I mean, is that fair?
>
> A.  That's fair.

(Parris Depo. 27 Line 3 through 28, Line 22; Emphasis supplied).

    3.  Miller's response offers no evidence that Lord, Andrews or the Board took any action to violate Miller's first amendment rights.  Miller addresses these issues on page 26 of her response and quotes the following from *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978):

> We conclude, therefore, that a local government may not be sued under § 1983 for any injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

    Miller's Response argues for imposition of liability on Lord, Andrews and the Board:  In the present case, it seems

plain that the highest repository of true decision making when it came to special education matters was either Mr. Lord or Mr. Andrews.  Accordingly, the acts of Andrews, if not Lord, in this respect should be held to constitute the action of the Board.  (Miller Response 25[1]).

Miller offers no evidence to show or establish that this statement is true.  Miller has not provided evidence of any Board policy or custom carried out by Lord or Andrews that would in any way expose the Board to liability under § 1983.  Miller's own quote from *Monell* requires her to show that the Board had some policy or custom and that the implementation of that policy or custom violated her rights.  Miller fails to present any evidence to satisfy the requirements of the very case she cites on this issue.  Miller's conclusory and unsupported statement is insufficient to impose liability on the Board.

    4.   Miller presents no evidence that Pitchford acted to violate her first amendment rights.  Nowhere in Miller's

---

[1] The Board Defendants note that Miller fails to number the pages of her Response; however, this quote is on the 25th page of the Response just before the "Conclusion" section.

Response is there any citation to actual evidence linking any action by Pitchford to a violation of Miller's first amendment rights. Again, Miller relies on conclusory statements and unsupported factual assertions in an attempt to show some connection between Pitchford and some action that supposedly violated Miller's allegedly protected speech.

     5.   Miller claims in her response that the Board would not have made the same employment decision concerning her in the absence of her allegedly protected speech. Again, Miller fails to cite to or provide any evidence to support this contention other than conclusory statements and unfounded logical leaps.

    On the other hand, the Board Defendants have presented properly supported arguments and evidence that they would have made the same decision to terminate Miller's employment due to her performance as a teacher, her inability to complete her internship and graduate from college, and the dissension she caused among the staff at Houston County High School.

     6.   Miller does not present any evidence to support her arguments that her alleged speech was that of a citizen

and not that of an employee.  In her response, Miller makes blanket and unsupported statements that no one employed by the Board considered Miller s duties as a special education teacher to include notifying her superiors of any deficiencies or problems in the special education program.  On page 16 of her response, Miller alludes that there is no written set of duties or responsibilities that would require Miller to report problems in the special education program.  The Board Defendants in their brief in support of summary judgment point out written duties and responsibilities of all teachers in the Houston County School System, including Miller, that would require those teachers to insure that their classrooms complied with all applicable laws and policies.  The Board Defendants   argument is properly supported by sections of the Houston County Teacher  s Handbook and the Affidavit of Kenneth Lord.

    7.   Miller fails to present evidence to support her contention that her alleged speech was a matter of public concern.  On this issue, Miller offers the Court a conclusory paragraph, without any citation to evidence or legal authority, arguing that her alleged speech was a matter of public concern. (Miller Response at 17).   Such a

conclusory and unsupported statement cannot prevail over the Board Defendants' properly supported argument that Miller's speech was not a matter of public concern.

8. Miller has presented no evidence to support her contention that she attempted to make her concerns a public matter. In her Response Miller states:

> When the specter of liability as a result of Miller gradually more public talk raised its head, Pitchford and the HCBOE Defendants moved to rid themselves of her, and the TUD personnel fell right into line and cooperated in the effort.

(Miller Response 21).

Miller does not present any evidence to support this contention. In their brief, the Board Defendants provided overwhelming evidence in the form of deposition testimony and documents showing that Miller never made nor attempted to make any "public talk" abt any of the alleged deficiencies in the special education program.

9. Miller has not established a causal connection between the actions of any of the Board Defendants and any alleged violation of her first amendment rights. Miller's Response does not cite to any evidence that shows any of the Board Defendants asked Troy to terminate Miller's internship, either explicitly or implicitly. The Board

Defendants have proffered overwhelming evidence that they did not. Miller has not presented this Court with any evidence that any of the Board Defendants themselves or as a group violated her first amendment rights.

WHEREFORE the Board Defendants move the Court to grant them, and each of them, a full, final, and appealable summary judgment against the Plaintiff in this matter, or alternatively, as to such Defendants and counts as the evidence and law entitle them.

                        HARDWICK, HAUSE, SEGREST & WALDING

                        BY: ___/s/ Jere C. Segrest___
                             Jere C. Segrest (SEG005)
                             ASB-1759-S-80J

                        BY: ___/s/ Kevin Walding___
                             Kevin Walding (WAL036)
                             ASB-8121-I-69J

                        BY: ___/s/ Patrick B. Moody___
                             Patrick B. Moody (MOO110)
                             ASB-0905-T-73M
                             Post Office Box 1469
                             Dothan, Alabama 36302
                             Phone:  (334)794-4144
                             Fax:    (334)671-9330
                             ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that, this date, I have served a copy of this document on the following individual(s) or attorney(s) of record by placing a copy in the United States Mail in a properly addressed envelope with adequate postage.

Winn Faulk, Esq.
FAULK & REED
524 S. Union Street
Montgomery, Alabama 36104-4626

Thomas K. Brantley, Esq.
BRANTLEY & AMASON
401 N. Foster Street
Dothan, Alabama  36303

Joseph Musso, Esq.
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203

Mark S. Boardman, Esq.
Katherine Hortberg, Esq.
BOARDMAN, CARR, & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-2811

This the 14th day of January, 2008.

/s/ Patrick B. Moody
Of Counsel